UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EX PARTE
UNDER SEAL**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO. 8:22-cv-2332-SDM-AAS

PHOENIX MEDICAL MANAGEMENT
CARE, INC., et al.,

    Defendants.
_____/

**<u>ORDER</u>**

Alleging that Phoenix Medical Management Care Centers, Inc., is an opioid "pill mill disguised as a charity," the United States sues (Doc. S-1) Phoenix, Patricia and Christopher Ferguson (who own and operate Phoenix), and Vivian Herrero (who prescribes opioids at Phoenix). Asserting claims under the Controlled Substances Act, 21 U.S.C. §§ 842 & 856, the three-count complaint alleges that Herrera at Phoenix "writes medically illegitimate prescriptions for controlled substances" and that the Fergusons operate Phoenix "for the purpose of distributing" opioids, including by registering Phoenix as a 501(c)(3) non-profit "to escape certain aspects of state oversight" designed to minimize patient abuse and misuse of opioids. (Doc. S-1 at 12)  The United States moves (Doc. S-3) *ex parte* under Rule 65, Federal Rules of

Civil Procedure, and under 21 U.S.C. § 843(f) for a temporary restraining order prohibiting the defendants from

> (1) administering, dispensing, or distributing controlled substances, as those terms are defined in the Controlled Substances Act, 21 U.S.C. § 802, including prescribing any controlled substance; (2) applying for or seeking renewal of a DEA certificate of registration on behalf of themselves or any legal entity; or (3) . . . managing, controlling, operating, or working for any legal entity that dispenses, distributes, or administers controlled substances."

To justify a temporary restraining order, the United States must demonstrate "that [the United States] is likely to succeed on the merits, that [the United States] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities [favors an injunction], and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Further, because the United States request a temporary restraining order "without written or oral notice" to the defendants, Rule 65(b)(1) requires the United States to demonstrate that "immediate and irreparable injury . . . will result . . . before the [defendants] can be heard in opposition." A review of the motion (Doc. S-3) and the attachments to the motion confirm that the United States satisfies Rule 65 and that the defendants' conduct warrants a temporary restraining order without notice to the defendants.

First, the United States demonstrates a substantial likelihood of success on the claim that each defendant violated, and continues to violate, the Controlled Substances Act. Specifically, the exhibits demonstrate (persuasively, though not conclusively) that "Herrero's prescribing fell far below the minimum standards of

professional practice under Florida law" and that, consequently, Herrero's prescriptions for controlled substances violate 21 U.S.C. § 842(c)(1)(A).  And the exhibits demonstrate a substantial likelihood that the Fergusons either violate 21 U.S.C. § 856(a)(1) by creating and maintaining Phoenix "for the purpose of manufacturing, distributing, or using any controlled substance" or violate 21 U.S.C. § 856(a)(2) by knowingly allowing other people, such as Herrero, to use Phoenix "for the purpose of manufacturing, distributing, or using any controlled substance" — or both.

Further, a threat of imminent irreparable harm persists absent an injunction because the defendants — allegedly "dangerous prescriber[s]" whose prescriptions have contributed to at least two fatal overdoses — "may facilitate further addiction and overdoses" if allowed to continue distributing controlled substances pending final judgment.  (Doc. S-3 at 13)  Similarly, the United States demonstrates that the "'weighty public interest in preventing the illegal diversion of prescription drugs'" outweighs any harm attending a temporary prohibition on a defendant's distributing a controlled substance.  (Doc. S–3 at 13–15) (quoting *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203, 230 (D.D.C. 2012)).  Finally, because "advance notice" of this motion "would provide Dr. Herrero an opportunity to conceal or destroy relevant evidence" and thus undermine a "parallel criminal investigation of her conduct at Phoenix," the requested restraining order warrants issuance "without notice" to a defendant.

For these reasons, and others asserted by the United States, the motion (Doc. S-3) for a temporary restraining order is **GRANTED**.  The defendants are

**TEMPORARILY ENJOINED** from (1) administering, dispensing, or distributing (as 21 U.S.C. § 802 defines each term) a controlled substance, including prescribing any controlled substance; (2) applying for or seeking renewal of a DEA certificate of registration on behalf of themselves or any legal entity; or (3) managing, controlling, operating, or working for any entity that dispenses, distributes, or administers (again, as 21 U.S.C. § 802 defines each term) a controlled substance.* In accord with Rule 65(b)(2), this order expires **OCTOBER 26, 2022, at 5:00 P.M.**, unless a separate order extends the relief for "a like period." The United States promptly and not later than **OCTOBER 17, 2022**, must serve each defendant with a copy of this order and not later than **OCTOBER 18, 2022**, must file a certificate of service.

Each defendant may respond to the motion (Doc. S-3) for a preliminary injunction not later than **OCTOBER 21, 2022**, and in a paper not exceeding **FIFTEEN PAGES**. A hearing on the motion will begin **OCTOBER 24, 2022, at 10:00 A.M.** in Courtroom 15A, United States Courthouse, Tampa, Florida, and will continue during whatever time is necessary from day to day until completion. Counsel for each party must attend the hearing (and if any defendant proceeds *pro se*, the defendant must personally attend the hearing). At the hearing, each party may offer evidence, testimonial or otherwise.

---

* Under Rule 65(d)(2), this order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons person who are in active concert with [the parties or the parties' officers, agents, servants, employees, and attorneys."

- 4 -

Also, the United States moves (Doc. S-2) "to temporarily seal the entire action" until either "the arrest of Dr. Vivian Herrero in connection with a parallel criminal investigation or [] 5 p.m. on October 17, 2022, whichever comes first."  The motion (Doc. S-2) is **GRANTED**.  This action is **SEALED** until the earlier of (1) "the arrest of Dr. Vivian Herrero" or (2) **OCTOBER 17, 2022, at 5:00 P.M.**  The United States may disclose the action and any document filed in the action, including this order, to the extent necessary to serve a defendant with process or with this injunction.  In addition to service on the United States in accord with court procedure, the clerk is **DIRECTED** to e-mail a copy of this order to counsel appearing on behalf of the United States in this action.

ORDERED in Tampa, Florida, on October 13, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE